**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 04-CV-00597-REB-BNB

DEBRA ANDERSON,

    Plaintiffs,

v.

REGIS CORPORATION,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

The matter before me is defendant's Motion for Summary Judgment [#22], filed February 1, 2005. I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship). I grant the motion.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134. The party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

Plaintiff was formerly employed by defendant as an Area Supervisor. Her employment was terminated on March 24, 2003. Plaintiff claims defendant breached a contract with her by failing to follow a progressive discipline policy before terminating her. Alternatively, she asserts a claim of promissory estoppel based on this same allegation. Neither of these claims survives summary judgment.

Employment in Colorado is presumed to be at-will, and an employee therefore generally can be terminated without cause or notice at any time. **See Continental Air Lines, Inc. v. Keenan**, 731 P.2d 708, 711 (Colo. 1987). However, this presumption

may be rebutted if the employer has promulgated a personnel manual or handbook that purports to limit its right to terminate employees at will and the circumstances demonstrate that the employer manifested a willingness to be bound by the terms of the manual. **Evenson v. Colorado Farm Bureau Mutual Insurance Co.**, 879 P.2d 402, 408-09 (Colo. App. 1993). "[E]ven if the requisites for formation of a contract are not found, the employee would be entitled to enforce the termination procedures under a theory of promissory estoppel if he can demonstrate that the employer should reasonably have expected the employee to consider the employee manual as a commitment from the employer to follow the termination procedures." **Keenan**, 731 P.2d at 712.

Plaintiff points to three documents in support of her claim to a contractual modification of the at-will employment relationship – a Salon Managers Reference Guide, a workbook from a seminar plaintiff attended, and an unidentified, undated excerpt. Although these documents discuss disciplinary procedures, none contains any language that remotely could be construed to manifest defendant's intent to alter the at-will employment relationship. **See Orback v. Hewlett-Packard Co.**, 97 F.3d 429, 432 (10th Cir. 1996) ("[G]eneral, indefinite policy statements do not abrogate employment at will."), **cert. denied**, 117 S.Ct. 1846 (1997).[1] In fact, the Manager's Guide includes a specific, conspicuous disclaimer of any such intent. (Def. Motion App., Exh. A9 at 01-277.) Plaintiff signed an acknowledgment form containing a

---

[1] Moreover, the excerpt, which is not authenticated, is clearly not appropriate summary judgment evidence.

similar disclaimer. (*Id.*, Exh. A-8.) Such disclaimers effectively preclude the plaintiff's breach of contract and promissory estoppel claims. **See Silchia v. MCI Telecommunications Corp.**, 942 F.Supp. 1369, 1374 (D. Colo. 1996) (citing **Ferrera v. Nielsen**, 799 P.2d 458, 461 (Colo. App. 1990)); **Evenson**, 879 P.2d at 409.

Plaintiff asserts also that defendant created an employment contract with her when her Regional Manager assured her that she could sell her car because she had a job and further stated that she did not intend to fire plaintiff after Customer Appreciation Days. These vague assurances are insufficient as a matter of law to create an employment contract or support a claim of promissory estoppel. **See Soderlun v. Public Service Co. of Colorado**, 944 P.2d 616, 620 (Colo. App. 1997); **Pittman v. Larson Distributing Co.**, 724 P.2d 1379, 1383 (Colo. App. 1986).[2]

**THEREFORE, IT IS ORDERED** as follows:

(1) That defendant's Motion for Summary Judgment [#22], filed February 1, 2005, is **GRANTED**;

(2) That plaintiff's claims against defendant are **DISMISSED WITH PREJUDICE**;

(3) That **JUDGMENT SHALL ENTER** in favor of defendant and against plaintiff as to all claims and causes of action;

(4) That the trial preparation conference set for December 30, 2005, at 9:00 a.m., as well as the trial, currently set to commence on January 3, 2006, are

---

[2] In addition, the New Employee Packet, of which plaintiff at least was aware, included a full-page disclaimer which stated, *inter alia*, that "ANY EXCEPTION TO THE AT-WILL RELATIONSHIP MUST BE EVIDENCED BY A WRITTEN AGREEMENT SIGNED BY THE AFFECTED EMPLOYEE AND THE COMPANY PRESIDENT." (Def. Motion App., Exh. A-6 at 01-062 (emphasis in original).)

**VACATED**; and

(5)  That defendant is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR. 54.1.

Dated July 19, 2005, at Denver, Colorado.

BY THE COURT:

s Robert E. Blackburn
Robert E. Blackburn
United States District Judge

5